UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERMIN ROBLES TOMAS,

    Petitioner,

v.                               Case No. 2:25-cv-1117-JES-DNF

WARDEN OF FLORIDA SOFT SIDE
SOUTH, MIAMI FIELD OFFICE
DIRECTOR, IMMIGRATION AND
CUSTOMS ENFORCEMENT'S
ENFORCEMENT AND REMOVAL
OPERATIONS, ACTING DIRECTOR
OF IMMIGRATION AND CUSTOMS
ENFORCEMENT, SECRETARY OF
THE DEPARTMENT OF HOMELAND
SECURITY, ATTORNEY GENERAL,
and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

    Respondents.
_____/

**OPINION AND ORDER**

    Before the Court are Fermin Robles Tomas's petition for writ of habeas corpus (Doc. 1), the Government's response (Doc. 9), and Tomas's reply. (Doc. 17.) For the following reasons, the petition is granted in part and denied in part.

### I. Background

    Tomas is a Mexican citizen. (Doc. 1 at 5). He entered the United States without inspection in 2013. (Id. at 2.) He has been in immigration detention since approximately November 19, 2025 when he was arrested after a traffic stop. (Id. at 13.) He is currently detained at the Florida Soft Side South Facility

(Alligator Alcatraz).  (Id.)  Petitioner has a wife and two children who are all United States citizens.  (Id. at 14.)  Tomas has no criminal record outside of minor traffic citations.  (Id.) He is being held under 8 U.S.C. § 1225(b)(2).  (Doc. 9 at 2.)

## II.  Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Tomas.  The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Among other things, Tomas asks the Court to order the respondents to either release him or provide a prompt bond hearing.  (Doc. 1 at 17.)

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Tomas's claims; (2) Tomas failed to exhaust available administrative remedies; and (3) Tomas is properly detained under § 1225 and is not eligible for a bond hearing.  (Doc. 9 at 3-8.)

The Court has rejected identical arguments in recent cases presenting the same issues.  See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025).  In those cases, the Court was satisfied of

its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Tomas's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Tomas is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1. Fermin Robles Tomas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2. Within **TEN (10) DAYS**, Respondents shall provide Tomas with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED.**[1]

---

[1] [Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Tomas is an alien without lawful

3

3. If Respondents release Tomas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on January 6, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, his Due Process Clause claims are not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Tomas with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The parties have briefed the Court on this issued. (Doc. 10; Doc. 11). But no final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.

4